UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN SILVA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AMERICAN WOOD FIBERS, INC.,<br><br>　　　　　Defendant. | No. 2:18-cv-365-JAM-KJN<br><br><br>ORDER |

Presently pending before the court is plaintiff's motion to compel further discovery responses by defendant. (ECF No. 16.) For the reasons discussed below, the motion is DENIED WITHOUT PREJUDICE for failure to comply with Local Rule 251.

Local Rule 251 provides that a discovery motion "shall not be heard unless (1) the parties have conferred and attempted to resolve their differences, and (2) the parties have set forth their differences and the bases therefor in a Joint Statement re Discovery Disagreement." E.D. Cal. L.R. 251(b). The Local Rule also sets forth very specific requirements for the contents of the joint statement. See E.D. Cal. L.R. 251(c).

Here, the parties plainly failed to comply with Local Rule 251. First, the parties filed separate "declarations," one of which was untimely filed, setting forth their positions regarding the discovery dispute. Second, even if the court were inclined to overlook the procedural

1

irregularity of separate "declarations," the contents of those declarations make readily apparent that the parties have not adequately met and conferred regarding their discovery dispute. This is hardly surprising given the last-minute exchange of cross-declarations, along with some supplemental responses, right before the deadline to file a joint statement. The joint statement is supposed to be a document that is drafted cooperatively after thorough meet-and-confer discussions have narrowed legitimate issues for the court's resolution. Instead, although the court expresses no definitive opinion at this juncture, many of the issues raised appear to either border on the frivolous or be capable of resolution with some proper discussions between the parties. The court is disinclined to conduct the parties' meet-and-confer efforts for them.

Therefore, the motion to compel is denied, but without prejudice to re-noticing the hearing in compliance with Local Rule 251 once the parties have adequately exhausted meet-and-confer efforts. Such meet and confer shall take place in person, or at a minimum, via a telephonic conference. The mere exchange of letters or e-mails alone is not sufficient. As part of their joint statement related to a discovery motion submitted pursuant to Local Rule 251, the parties shall also specifically outline: (a) what meet-and-confer efforts were undertaken; (b) when and where such discussions took place; (c) who was present; and (d) how the parties' disputes were narrowed as a result of such discussions. Failure to comply with these requirements may result in summary denial of a discovery motion. Any party who obstructs meet-and-confer efforts or who fails to meaningfully contribute to preparation of a joint statement will be sanctioned.

Finally, the court also strongly encourages the use of informal telephonic discovery conferences with the court in lieu of formal discovery motion practice. The procedures and conditions for requesting and conducting such an informal telephonic discovery conference are outlined in Judge Newman's "Order re Informal Telephonic Conferences re Discovery Disputes," posted on the court's website at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5046/. However, the parties are cautioned that these informal procedures are not to be abused, and the court may impose appropriate sanctions on an offending party or parties, even in the course of informal discovery conferences.

///

Accordingly, IT IS HEREBY ORDERED that:

1. The pending motion to compel (ECF No. 16) is DENIED WITHOUT PREJUDICE.
2. The February 21, 2019 hearing is VACATED.

Dated: February 19, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE