UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN SILVA,<br><br>  Plaintiff,<br><br>  v.<br><br>AMERICAN WOOD FIBERS, INC.,<br><br>  Defendant. | No. 2:18-cv-0365-JAM-KJN<br><br>ORDER DENYING<br>DEFENDANT'S MOTION TO COMPEL |

Plaintiff Normal Silva alleges negligence and premises liability against Defendant American Wood Fibers, arising from a 2016 incident where one of Defendant's employees allegedly struck Silva with a forklift.

The instant motion concerns Defendant's request to compel Plaintiff to attend two independent medical exams (IME's) under Rule 35.[1] (ECF No. 27) Defendant preliminarily set the IME's for June 10 and 14, 2019. (Id.)

For the reasons that follow, Defendant's motion is DENIED.

///

///

///

---

[1] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise stated.

1

# **BACKGROUND**

Plaintiff alleges negligence and premises liability against Defendant. (ECF No. 1 at p. 4) In his complaint, he prayed for both "economic damages . . . including . . . past and future medical expenses, past and future lost earnings, lost earning capacity, and loss of ability to provide household services;" and "non-economic damages . . . including . . . past and future pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress[.]" (Id. at p. 4)

The scheduling order—set by District Judge Mendez—lists the following relevant dates:

- March 8, 2019 – Expert witness disclosures under Rule 26(a)(2) due;
- March 22, 2019 – Rebuttal experts under Rule 26(a)(2)(c) due;
- May 3, 2019 – Joint mid-litigation statement due;
- May 17, 2019 – Discovery to be completed;
- June 18, 2019 – Dispositive motions due (with a hearing set for July 16, 2019);
- August 23, 2019 – Pre-trial conference;
- September 30, 2019 – First day of trial.

(ECF No. 9 at pp. 2-5) The scheduling order defines discovery as being "completed" when "all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order[.]" (Id. at p. 4) This order also warns that:

> Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial absent a showing that the necessity for the witness could not have been reasonably anticipated at the time the disclosures were ordered and that the failure to make timely disclosure did not prejudice any other party.

(Id. at p. 4, citing Rule 37(c))

On March 8, 2019, Plaintiff disclosed to Defendant an expert report from Dr. Feinberg (dated Feb. 6, 2019). (ECF No. 29-1). The report states Silva "continues to suffer from chronic pain in multiple body parts" because of the incident. Id. The same day, Defendant listed the names of two doctors in their expert disclosures, but did not include any reports or summaries of these doctors' testimony. (ECF No. 28 at ¶ 6).

///
///

The following day, plaintiff's counsel Psyhogios informed defense counsel Roth that because Defendant's disclosures were deficient, and the deadline for expert disclosures had passed, Mr. Silva would not be sitting for any IMEs. (ECF No. 28-1) Roth responded that Defendant was unaware of Plaintiff's ongoing injuries due to Plaintiff's alleged failure to disclose a complete medical report; thus Roth asserted Defendant needed the IMEs. (Id.) As to the lack of reports from Defendant's doctors, Roth told Psyhogios they could not be included since the IMEs had yet to be completed. (Id.) Roth asserts he attempted to confer on dates for the IMEs with Psyhogios during this call, but Psyhogios refused to cooperate. (ECF No. 27-1 at ¶ 5)

On April 9, 2019, during Defendant's deposition of Plaintiff, Mr. Silva reiterated his ongoing pain from the incident. (ECF No. 27-1 at Ex. B, Silva depo. excerpt)

Between April 25 and May 1, Psyhogios emailed defense counsel Jansen about submitting Joint Mid-Litigation Statement. (ECF No. 28-2) On May 3, Jansen emailed Psyhogios, requesting he add a line to the joint statement indicating Def's would be seeking the IMEs. (See 28-2, Ex. 2). On May 8, 2019, Defendant filed the instant motion to compel.[2]

On June 6, 2019, the Court entertained oral argument in the motion. (ECF No. 33) At the hearing, attorney Evgenia Jansen appeared on behalf of Defendant, and attorneys Ross J. Psyhogios and Steven Bell appeared on behalf of Plaintiff.

---

[2] Local Rule 251 requires all parties to a discovery dispute to confer and attempt to resolve their differences prior to filing a motion under Rules 26-37, as well as to "set forth their differences and the bases therefore in a Joint Statement re Discovery Disagreement. (See Rule 251(b) of the Local Rules of the Eastern District of California) However, Local Rule 251(e) allows parties to forego the joint statement requirement "when there has been a complete and total failure to respond to a discovery request or order." (L.R. 251(e)) Here, the parties disagree on whether they've met and conferred about this dispute, and have submitted separate statements (ECF Nos. 29, 30, 31). Counsel for defense Roth and Jansen declared they "attempted to meet and confer" with Plaintiff's counsel Psyhogios regarding the IME dispute. (ECF Nos. 27-1 and -2) Roth asserts Psyhogios refused to execute a joint statement, despite his and Jansen's requests to include Psyhogios on the filing. See 29-1 at Ex. D (emails from Jansen to Psyhogios on May 3, 6, and 23). Jansen asserts that Psyhogios, in responding to her attempt to confer on the IME dates, simply responded that Defendant "blew it." (ECF No. 27-2). Psyhogios asserts Jansen did not attempt to confer, but just told him she planned to file a Rule 35 motion to compel; Psyhogios asserts first time he became aware of the June IME dates was upon service of Defendant's motion. (ECF No. 28-0 at ¶ 5).

The Court accepts that this discovery dispute qualifies under L.R. 251(e), obviating the need for a joint statement under L.R. 251(b).

**DISCUSSION**

*Legal Standard*

Federal Rule of Civil Procedure 35 provides that a court "may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Rule 35(a)(1). "The order: (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Rule 35(a)(2). Courts have discretion in setting appropriate conditions for a physical or mental examination depending on the facts and circumstances of each case. See Newman v. San Joaquin Delta Community College District, 272 F.R.D. 505, 511 (E.D. Cal. Feb. 15, 2011).

Rule 26 requires a party to disclose the identity of any expert witnesses it intends to use at trial, and such disclosures must be accompanied by either a written report that includes a number of factual statements or a report containing the subject matter and summary of any such testimony. Rule 26(a)(2)(A-C). This Rule also states that the parties "must make these disclosures at the times and in the sequence that the court orders." Rule 26(a)(2)(D).

*Parties Arguments*

Defendant argues the IMEs are required, because Plaintiff put his medical condition at issue, and because the scope of Plaintiff's injuries had not become apparent until Plaintiff filed his expert report in March 2019. Defendant also contends it needs the benefit of the IMEs for settlement purposes.

Plaintiff does not dispute that his medical condition is at issue, but contends that the time had passed for any IMEs given Judge Mendez's scheduling order. He argues any need on Defendant's part for the IMEs should have been anticipated well in advance of the expert-disclosures deadline, and an extension of these deadlines would highly prejudice him—given that dispositive motions are due the same week as the IMEs and given the fact that trial starts in three months.

////

4

*Analysis*

The Federal Rules of Civil Procedure and Judge Mendez's scheduling order dictate the outcome of this dispute. By March 8, 2019, Defendant was required to disclose any experts it intended to call at trial—and include either a report from each expert or a summary of their testimony. There is no dispute that on this day, Defendant failed to include either a report or summary of the two doctors' testimonies when it tendered their names as experts. Thus, when Defendant contacted Plaintiff the next day to discuss the IMEs, Plaintiff was correct that Defendant's disclosures were deficient. (See Rule 26(a)(2)(A-D); ECF No. 9 at pp. 2-5).

Defendant asserts it was surprised by Plaintiff's expert report detailing his ongoing injuries. The Court, however, cannot fathom how this could be the case, given that Plaintiff claimed future damages in his Complaint—filed over a year prior. (ECF No. 1 at p. 4, requesting both "economic damages . . . including . . . past and future medical expenses, past and future lost earnings, lost earning capacity, and loss of ability to provide household services;" and "non-economic damages . . . including . . . past and future pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress[.]") Defendant could have requested the IMEs at any point in the year-long discovery period, but instead appears to have waited until the last minute to start thinking about assessing Plaintiff's damages claim.

In fact, it appears Defendant did not question Plaintiff about his injuries until April 9, and then sat on their motion to compel until May 3. Given that the local rules require hearings on discovery motions to be heard twenty-one days after service (L.R. 251(a)), Defendant's delay caused the hearing on the motion to compel to fall outside the discovery-closing deadline—May 17, 2019. (See ECF No. 9 at p. 4, defining discovery as "completed" when "all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order[.]") Further, Defendant never contacted the District Judge's chambers for a change in the schedule, nor did it request an expedited motion to compel under the local rules. (See L.R. 251(e), allowing for a discovery motion to be brought within fourteen days where the opposing party has completely and totally failed to respond to a discovery request).

5

Thus, it appears to the Court that, despite Defendant's assertions otherwise, any reasonable litigant would have anticipated needing the IMEs well before March 8, 2019. Further, if the Court were to allow the IMEs, Plaintiff would undoubtedly be prejudiced—given that dispositive motions for this case are due June 14, the pretrial conference is set for August 23, and trial starts September 30. (See ECF No. 9 at p. 4, warning the parties that missed deadlines for expert disclosures would "in all likelihood" preclude the expert from testifying at trial (citing Rule 37(c))) Defendant's argument that it needs the IMEs not for trial but for settlement purposes holds no weight, as the parties are welcome to discuss settlement—and consider information that would otherwise be inadmissible in trial—in a separate forum.

## **ORDER**

After carefully considering the written briefing, the oral argument, and the applicable law, and for the reasons stated above and on the record at the hearing, IT IS HEREBY ORDERED that Defendant's motion to compel (ECF Nos. 27) is DENIED.

Dated: June 12, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

silv.365